UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

OTIS BLAXTON,

    Plaintiff,

v.                                           CASE NO. 8:14-cv-2602-T-23MAP

HILLSBOROUGH COUNTY, *et al.*,

    Defendants.
_____/

## **O R D E R**

Blaxton's civil rights complaint under 42 U.S.C. § 1983 alleges that the defendants violated his rights during pre-trial, trial, and post-trial state criminal proceedings. Blaxton sues Hillsborough County, the State of Florida, the Honorable Chet Tharpe, and the Honorable Kimberly Fernandez. Although entitled to a generous interpretation, *Haines v. Kerner*, 404 U.S. 519 (1972) (*per curiam*), Blaxton is entitled to no relief.

Blaxton paid the full $400 filing fee.[1] Even though Blaxton is not proceeding *in forma pauperis*, a district court is required to "review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or

---

[1] Under 28 U.S.C. § 1915(g), Blaxton is barred from proceeding *in forma pauperis* unless he is "under imminent danger of serious physical injury." *Blaxton v. Office of Att'y Gen.*, 8:14-cv-1832-T-35TGW, lists some of Blaxton earlier cases.

employee of a governmental entity . . . [and] the court shall . . . dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A.

**Habeas Corpus is Proper Remedy:**

The civil rights complaint is subject to *sua sponte* dismissal before service on the defendants because Blaxton challenges the validity of his conviction and he specifically requests a "re-trial." When a state prisoner challenges the fact or duration of his confinement, a writ of habeas corpus is his exclusive federal remedy. *Preiser v. Rodriquez*, 411 U.S. 475, 500 (1973). This long-standing principle was affirmed in *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (emphasis original).

> We hold that, in order to recover damages for [an] allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Heck* requires dismissal of the civil rights complaint if a ruling in the plaintiff's favor questions the validity of the conviction or sentence. Blaxton has no Section 1983 claim unless he first prevails on habeas corpus. "[A] § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated." *Heck v. Humphrey*, 512 U.S. at 489-90.

Consequently, Blaxton fails to state a claim for relief because the complaint fails to allege that the conviction was "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus . . . ." *Heck v. Humphrey*, 512 U.S. at 487. This dismissal is without prejudice to Blaxton's re-filing a Section 1983 complaint after the conviction is invalidated.[2]

**Monetary Damages are Barred:**

The Eleventh Amendment precludes Blaxton's obtaining monetary damages from either the State of Florida or Hillsborough County. *Quern v. Jordan*, 440 U.S. 332, 345 (1979). Judicial immunity precludes Blaxton's obtaining monetary damages from either Judge Tharpe or Judge Fernandez for their judicial acts. *Bradley v. Fisher*,

---

[2] Braxton's earlier application for the writ of habeas corpus under 28 U.S.C. § 2254 was denied in *Braxton v. Sec'y, Dep't of Corr.*, 8:08-cv-1167-T-33TBM. As a consequence, under Section 2244(b)(3)(A) Braxton must obtain authorization from the circuit court to file a second or successive application.

80 U.S. (13 Wall.) 355 (1871); *Supreme Court of Virginia v. Consumers Union of U.S., Inc.*, 446 U.S. 719 (1980); *Jones v. Cannon*, 174 F.3d 1271, 1281-82 (11th Cir. 1999).

**No Federal Supervisory Jurisdiction:**

Blaxton complains that the state circuit court judges are rejecting his recent motions without addressing the merits of the motions. A federal district court may not review a state court's ruling because a federal court has no supervisory or appellate jurisdiction over a state court.

> It is well settled that a federal district court lacks jurisdiction to review, reverse, or invalidate a final state court decision. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 103 S. Ct. 1303, 75 L. Ed. 2d 206 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S. Ct. 149, 68 L. Ed. 2d 362 (1923). Under the *Rooker-Feldman* doctrine, the authority to review final decisions from the highest court of the state is reserved to the Supreme Court of the United States. *Dale v. Moore*, 121 F.3d 624 (11th Cir. 1997). Jones cannot utilize 42 U.S.C. § 1983 to recast his claim and thereby obtain collateral review in federal court of the state court decision. *Berman v. Florida Bd. of Bar Examiners*, 794 F.2d 1529 (11th Cir. 1986).

*Jones v. Crosby*, 137 F.3d 1279, 1280 (11th Cir.), *cert. denied*, 523 U.S. 1041 (1998). A federal district court lacks jurisdiction to adjudicate "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). *See also Christophe v. Morris*, 198 Fed. App'x 818, 825 (11th Cir. 2006)

(construing part of a complaint as a challenge to a state court adjudication and holding the claim barred under *Rooker-Feldman*).

Accordingly, this action is **DISMISSED** without prejudice because, under *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), the complaint is premature as a matter of law. The clerk must close this case.

ORDERED in Tampa, Florida, on October 27, 2014.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE