UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

OTIS BLAXTON,

    Plaintiff,

v.                                                CASE NO. 8:14-cv-2602-T-23MAP

HILLSBOROUGH COUNTY, *et al.*,

    Defendants.
_____/

## **O R D E R**

Blaxton moves (Doc. 3) for reconsideration of an earlier order (Doc. 2) that dismisses his action. Blaxton's civil rights complaint under 42 U.S.C. § 1983 alleges that the defendants violated his rights during pre-trial, trial, and post-trial state criminal proceedings. Blaxton sues Hillsborough County, the State of Florida, the Honorable Chet Tharpe, and the Honorable Kimberly Fernandez. Blaxton paid the full $400 filing fee.[*] Even though Blaxton is not proceeding *in forma pauperis*, an earlier order (Doc. 2) dismisses the complaint under 28 U.S.C. § 1915A, which requires a district court to "dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief

---

[*] Under 28 U.S.C. § 1915(g), Blaxton is barred from proceeding *in forma pauperis* unless he is "under imminent danger of serious physical injury." *Blaxton v. Office of Att'y Gen.*, 8:14-cv-1832-T-35TGW, lists some of Blaxton earlier cases. Blaxton does not allege that he is "under imminent danger of serious physical injury."

may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." Dismissal is necessary (1) because Blaxton's challenge to the validity of his conviction must proceed in an application under Section 2254, (2) because Eleventh Amendment immunity, judicial immunity, and prosecutorial immunity preclude his recovering monetary damages, and (3) because a federal district court lacks supervisory authority over a state court. Pending is Blaxtons "Motion for Reconsideration/Objection." (Doc. 3)

Blaxton challenges the validity of his conviction for escape, for which he serves thirty years. Blaxton contends (1) that he was "falsely imprisoned" under charges of violating probation, (2) that, but for the "false imprisonment," he would not have been in confinement from which he could have escaped, (3) that his escape should have been "sanctioned" as a "violation of jailhouse rules" and not as a criminal offense, and (4) that "an entrapment exists here." Blaxton summarizes his claims by stating that "he was false[ly] imprisoned and charged with jailhouse rules [violations] arising from . . . false imprisonment and is now in custody serving a 30 year sentence for those jailhouse rule violations that arose from that unlawful confinement." (Doc. 3 at 3-4) In other words, Blaxton alleges that the "false imprisonment" is the direct cause for his conviction for "escape."

As explained in the earlier order, Blaxton's allegations challenge the validity of his imprisonment under a state court judgment. As a consequence, his exclusive remedy is an application for the writ of habeas corpus under Section 2254. As

explained in the earlier order, because he challenged this same conviction in an earlier application under Section 2254, Blaxton cannot proceed with a second or successive application under Section 2254 without the required authorization from the circuit court.

Accordingly, Blaxton's "Motion for Reconsideration/Objection" (Doc. 3) is **DENIED**.

ORDERED in Tampa, Florida, on November 17, 2014.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE